FILED
IN CLERK'S OFFICE
US DISTRICT COURT
E.D.N.Y.
* NOVEMBER 17, 2023 *
BROOKLYN OFFICE
23-CR-432(S-2) (WFK)

JMH:SMS
F. #2023R00731

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

KATHERINE QUINTERO DAZA,
    also known as
    "Jessica Marlen Salazar" and
    "Catalina Aponte Garcia,"
    and
JOHN ARENAS POLO,
    also known as
    "Jairo Antonio Garzon
    Castaneda,"

                     Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 23-432 (S-2) (WFK)
(T. 18, U.S.C., §§ 371, 981(a)(1)(C),
1036(a)(4), 2314, 2 and 3551 et seq.;
T. 21, U.S.C., § 853(p); T. 28, U.S.C.,
§ 2461(c))

THE GRAND JURY CHARGES:

<u>COUNT ONE</u>
(Conspiracy to Commit Interstate Transportation of Stolen Property)

    1.    In or about and between June 2022 and October 2023, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants KATHERINE QUINTERO DAZA, also known as "Jessica Marlen Salazar" and "Catalina Aponte Garcia," and JOHN ARENAS POLO, also known as "Jairo Antonio Garzon Castaneda," together with others, did knowingly and intentionally conspire to transport in interstate commerce goods, wares and merchandise of the value of $5,000 or more, to wit: jewelry, diamonds, watches, antique coins and United States currency, knowing the same to have been stolen, contrary to Title 18, United States Code, Section 2314.

2. In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendants KATHERINE QUINTERO DAZA and JOHN ARENAS POLO ("ARENAS"), together with others, did commit and cause the commission of, among others, the following:

## OVERT ACTS

(a) On or about August 14, 2022, DAZA flew from LaGuardia Airport in Queens, New York ("LaGuardia") to Chicago O'Hare International Airport in Chicago, Illinois ("O'Hare").

(b) On or about August 14, 2022, Co-Conspirator 1 ("CC-1"), an individual whose identity is known to the Grand Jury, flew on a separate flight from DAZA from LaGuardia to O'Hare.

(c) On or about August 15, 2022, in Chicago, Illinois, DAZA and CC-1, together with others, stole approximately 23 watches and several antique coins worth approximately $443,000 from a victim whose identity is known to the Grand Jury ("Victim-1").

(d) On or about August 15, 2022, after the theft from Victim-1, DAZA flew from O'Hare to LaGuardia.

(e) On or about August 15, 2022, after the theft from Victim-1, CC-1 flew on a separate flight from DAZA from O'Hare to LaGuardia.

(f) On or about October 22, 2022, in New York, New York, DAZA, ARENAS and CC-1, together with others, stole jewelry and diamonds valued at approximately $500,000 from a victim whose identity is known to the Grand Jury ("Victim-2").

  (g) On or about February 7, 2023, in Queens, New York, DAZA, ARENAS and CC-1, together with others, stole jewelry valued at approximately $300,000 from a victim whose identity is known to the Grand Jury ("Victim-3").

  (h) On or about February 14, 2023, DAZA flew from LaGuardia to Miami International Airport in Miami, Florida ("MIA").

  (i) On or about February 14, 2023, ARENAS flew from LaGuardia to MIA, on the same flight as DAZA.

  (j) On or about February 14, 2023, in Palm Beach County, Florida, DAZA, ARENAS and CC-1, together with others, stole jewelry valued at approximately $3.5 million from a victim whose identity is known to the Grand Jury ("Victim-4").

  (k) On or about February 17, 2023, in Aventura, Florida, DAZA and CC-1 stole watches valued at approximately $130,000 from a victim whose identity is known to the Grand Jury ("Victim-5").

  (l) On or about October 1, 2023, DAZA transported to New Jersey some of the jewelry that had been stolen from Victim-3 in Queens, New York and from Victim-4 in Palm Beach County, Florida.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

COUNT TWO
(Entry to Secure Area by False Pretenses)

  3. On or about March 10, 2023, within the Eastern District of New York and elsewhere, the defendant JOHN ARENAS POLO, also known as "Jairo Antonio Garzon Castaneda," together with others, did knowingly and intentionally enter and attempt to enter a secure area of an airport, to wit: LaGuardia in Queens, New York, by fraud and false pretense.

(Title 18, United States Code, Sections 1036(a)(4), 2 and 3551 et seq.)

## COUNT THREE
(Entry to Secure Area by False Pretenses)

4. On or about March 15, 2023, within the Eastern District of New York and elsewhere, the defendant KATHERINE QUINTERO DAZA, also known as "Jessica Marlen Salazar" and "Catalina Aponte Garcia," together with others, did knowingly and intentionally enter and attempt to enter a secure area of an airport, to wit: John F. Kennedy International Airport in Queens, New York, by fraud and false pretense.

(Title 18, United States Code, Sections 1036(a)(4), 2 and 3551 et seq.)

## COUNT FOUR
(Interstate Transportation of Stolen Property)

5. The allegations contained in paragraphs one and two are realleged and incorporated as if fully set forth in this paragraph.

6. On or about October 1, 2023, within the Eastern District of New York and elsewhere, the defendant KATHERINE QUINTERO DAZA, also known as "Jessica Marlen Salazar" and "Catalina Aponte Garcia," together with others, did knowingly and intentionally transport in interstate commerce certain goods, wares and merchandise of the value of $5,000 or more, to wit: jewelry belonging to Victim-3 and Victim-4, knowing the same to have been stolen.

(Title 18, United States Code, Sections 2314, 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT ONE

7. The United States hereby gives notice to the defendants that, upon their conviction of the offense charged in Count One, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offense to forfeit any

property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense.

8. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT FOUR

9. The United States hereby gives notice to the defendant charged in Count Four that, upon her conviction of such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offense to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense.

10. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (f)    cannot be located upon the exercise of due diligence;

    (g)    has been transferred or sold to, or deposited with, a third party;

    (h)    has been placed beyond the jurisdiction of the court;

    (i)    has been substantially diminished in value; or

    (j)    has been commingled with other property which cannot be divided

without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

_____
FOREPERSON

By *Carolyn Pokorny, Assistant U.S. Attorney*
_____
BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F.#: 2023R00731
FORM DBD-34
JUN. 85

No. 23-432 (S-2) (WFK)

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

KATHERINE QUINTERO DAZA, also known as "Jessica Marlen Salazar" and "Catalina Aponte Garcia," and JOHN ARENAS POLO, also known as "Jairo Antonio Garzon Castaneda,"

Defendants.

## SUPERSEDING INDICTMENT
(T. 18, U.S.C., §§ 371, 981(a)(1)(C), 1036(a)(4), 2314, 2 and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

_____
                   *Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____
                       *Clerk*

*Bail, $* _____

*Sean M. Sherman, Assistant U.S. Attorney (718) 254-6262*